**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re RITE AID CORPORATION, *et al.*,<br><br>Debtor, | |
| THOMAS A. PITTA, AS TRUSTEE OF THE RAD SUB-TRUST A,<br><br>Plaintiff,<br><br>v.<br><br>MARS, INC. d/b/a KIND HEALTHY SNACKS,<br><br>Defendant. | Civil Action No. 26-00529 (GC)<br><br>**MEMORANDUM OPINION** |
| THOMAS A. PITTA, AS TRUSTEE OF THE RAD SUB-TRUST A,<br><br>Plaintiff,<br><br>v.<br><br>MARS, INC. d/b/a M&M Mars,<br><br>Defendant. | Civil Action No. 26-00536 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Mars, Inc. d/b/a Kind Healthy Snacks' Motion to Withdraw Reference of this action to the Bankruptcy Court pursuant to

28 U.S.C. § 157(d). (ECF No. 1.)[1] Plaintiff Thomas A. Pitta, as Trustee of the RAD Sub-Trust A, opposed the Motion, (ECF No. 2), and Defendant replied, (ECF No. 3); and

**WHEREAS** on October 15, 2023, the Debtor—retail pharmacy corporation, Rite Aid—filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing bankruptcy proceedings in the United States Bankruptcy Court, District of New Jersey, Bankr. Proc. No. 23-18993. (ECF No. 1 at 8-26[2] (Complaint) ¶ 7); and

**WHEREAS** on October 11, 2025, Plaintiff commenced an adversary proceeding against Defendant in the Bankruptcy Court, Adv. Proc. No. 25-01973, in connection with the pending Chapter 11 Bankruptcy of the Debtor. (Complaint; *see also* ECF No. 1 at 55.) Plaintiff alleges that Defendant is a vendor that provided products to the Debtor. (Complaint ¶ 12.) Ninety (90) days before and including the petition date (the Preference Period), the Debtor continued to operate its business, including entering into agreements for the purchase of goods and/or services from Defendant, and the Debtor made transfers of an interest in its property through the form of payments to Defendant during the Preference Period. (*Id.* ¶¶ 17-19); and

**WHEREAS** in the Adversary Proceeding, Plaintiff seeks to avoid and recover from Defendant all alleged preferential transfers of property—in this instance, the payments for

---

[1] Defendant Mars, Inc. d/b/a M&M Mars filed a nearly identical Motion to Withdraw Reference and Reply in support of its Motion, and Plaintiff Thomas A. Pitta, as Trustee of the RAD Sub-Trust A filed a nearly identical Opposition, in another Adversary Proceeding in the Bankruptcy Court, Adv. Proc. 25-01974, also associated with Bankr. Proc. No. 23-18993 and also before this Court. *See Rite Aid Corp. v. Mars, Inc.*, Civ. No. 25-00536, Dkt. Nos. 1, 2, 3 (D.N.J. Jan. 16, 2026). The only difference between the Complaints in the underlying Adversary Proceedings appears to be the amount the Debtor allegedly transferred to Defendants. Because this difference is not dispositive on the Motions before the Court, the Court addresses the two matters jointly, with docket entries (*i.e.* "ECF Nos.") referring to those in *Rite Aid Corp. v. Mars, Inc.*, Civ. No. 25-00529 (D.N.J. Jan. 16, 2026).

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Defendant's goods and/or services—that occurred during the Preference Period. (Complaint ¶ 1.) Plaintiff brings claims for avoidance of preferential period transfers pursuant to 11 U.S.C. § 547 (Count One), avoidance of fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1)(B) (Count Two), recovery of avoided transfers pursuant to 11 U.S.C. § 550 (Count Three), and disallowance of claims pursuant to 11 U.S.C. § 502(d) and (j) (Count Four). (Complaint ¶¶ 26-47; ECF No. 1 at 55); and

**WHEREAS** on January 15, 2025, Defendant answered the Complaint asserting its right to a jury trial, and filed its Motion to Withdraw Reference, in the Bankruptcy Court. (Adv. Proc. No. 25-01973 (Bankr. D.N.J. Jan. 15, 2026), Dkt. Nos. 15, 17.) The record and Motion were transmitted to and docketed in the District Court on January 16, 2026. (ECF No. 1; *see also* Transmittal of Record and Notice of Docketing Motion, Adv. Proc. No. 25-01973 (Bankr. D.N.J. Jan. 16, 2026), Dkt. Nos. 18, 19); and

**WHEREAS** in Defendant's Motion to Withdraw Reference, Defendant seeks a determination by this Court that it is entitled to have Plaintiff's preference and fraudulent conveyance claims in the above-captioned adversary proceeding tried by a jury in the District Court, and therefore a withdrawal of the Bankruptcy Court's reference and a transfer of the adversary proceeding to this Court. (ECF No. 1 at 55-56.) Defendant argues that the Bankruptcy Court lacks authority and jurisdiction over these claims and therefore cannot enter final orders and judgments. (*Id.* at 56); and

**WHEREAS** Plaintiff argues that Defendant's Motion should be denied because Defendant has not established cause for withdrawal pursuant to 28 U.S.C. § 157(d), or in the alternative, withdrawal should be deferred until the matter is trial-ready. (ECF No. 2 at 4, 12); and

**WHEREAS** under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." A Standing Order for this Court provides that cases "arising in or relating to a case under Title 11 of the United States Code shall be referred to the bankruptcy judges for this district." D.N.J. Standing Order 1984-01 at 1; and

**WHEREAS** reference may be withdrawn from the Bankruptcy Court "for cause shown," and shall be withdrawn "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The parties' dispute focuses on permissive withdrawal "for cause shown." (*See* ECF No. 1 at 60; ECF No. 2 at 8-9); and

**WHEREAS** "the moving party has the burden to prove that cause exists to withdraw the reference." *In re Elk Petroleum, Inc.*, Civ. No. 19-11157, 2022 WL 4355285, at *2 (D. Del. Sep. 20, 2022). In assessing a motion to withdraw reference for cause, district courts often first look to whether the bankruptcy court has determined the proceeding is "core" or "non-core."[3] *See, e.g.*, *In re Hollister Constr. Servs., LLC*, Civ. No. 22-6035, 2023 WL 5277868, at *4-5 (D.N.J. Aug. 16,

---

[3] "A proceeding is core if it 'invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re G-I Holdings Inc.*, Civ. No. 01-30135, 2017 WL 1788656, at *7 (D.N.J. May 5, 2017) (quoting *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996)). "Non-core proceedings, on the other hand, are proceedings that are not core 'but are otherwise related to a case under title 11.'" *In re G-I Holdings Inc.*, 2017 WL 1788656, at *7 (quoting *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014)). In core proceedings, "the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). However, for non-core proceedings, in this Circuit "a bankruptcy court cannot conduct a jury trial[.]" *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990); *see also Thomason Auto Grp., LLC v. Ferla*, Civ. No. 08-4143, 2009 WL 3491163, at *6 (D.N.J. Oct. 23, 2009).

2023) (denying motion to withdraw reference regarding professional negligence and breach of contract claims as premature as the bankruptcy court had not yet made "core" or "non-core" determination). Here, 28 U.S.C. § 157(b)(2) explicitly states that proceedings to "determine, avoid, or recover preferences" and "proceedings to determine, avoid, or recover fraudulent conveyances" are core proceedings. *See also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 50 (1989) ("The 1984 Amendments, however, designated fraudulent conveyance actions 'core proceedings,' 28 U.S.C. § 157(b)(2)(H)."); *In re F-Squared Inv. Mgmt., LLC*, 600 B.R. 294, 300 (Bankr. D. Del. 2019) ("[A]dversary proceedings seeking to recover fraudulent conveyances and preferences are statutorily core matters.") (citing 28 U.S.C. § 157(b)(2)(F), (H)); *In re Dwek*, Civ. No. 09-4833, 2010 WL 2545174, at *4-6 & n.11 (D.N.J. June 18, 2010) (analyzing cause for withdrawal even though bankruptcy court did not make a "core" or "non-core" determination). Indeed, the parties do not seem to dispute that these claims constitute core proceedings. (*See* ECF No. 1 at 56; ECF No. 2 at 8; ECF No. 3 at 6); and

**WHEREAS** the well-recognized factors a court is to consider in evaluating whether cause for permissive withdrawal is established, as determined by the Third Circuit in *In re Pruitt*, are: "(1) whether retention of the proceeding promotes the uniformity of bankruptcy administration; (2) whether retention of the proceeding reduces forum shopping and confusion; (3) whether retention of the proceeding fosters the economical use of debtor/creditor resources; (4) whether retention of the proceeding would expedite the bankruptcy process; and, (5) whether the request for withdrawal was timely." *In re Elk Petroleum, Inc.*, 2022 WL 4355285 at *3 (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)); and

**WHEREAS** "the mere fact that a [d]efendant has asserted a right to trial by jury [in district court] is not sufficient to *immediately* justify withdrawal of an action from bankruptcy." *Gen. Elec.*

*Cap. Corp. v. Teo*, Civ. No. 01-1686, 2001 WL 1715777, at *4 (D.N.J. Dec. 14, 2001) (emphasis added); *see also In re Elk Petroleum, Inc.*, 2022 WL 4355285, at *4 ("As [the p]laintiff correctly points out, even if certain [d]efendants may ultimately be entitled to a jury trial, the right to a jury trial does not justify withdrawal of the reference until the case is trial ready."). Instead, even when the district court must preside over the jury trial, "there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'"[4] *Gen. Elec. Cap. Corp.*, 2001 WL 1715777, at *5 (alteration in original) (quoting *In re Lands End Leasing, Inc.,* 193 B.R. 426, 436 (Bankr. D.N.J. 1996)); *see also Thomason Auto Grp., LLC v. Ferla*, Civ. No. 08-4143, 2009 WL 3491163, at *6 (D.N.J. Oct. 23, 2009). Thus, even when a district court determines that it must preside over the trial, it must still analyze the *Pruitt* factors to determine whether withdrawal to the district court is appropriate at the time of the motion requesting it; and

**WHEREAS** indeed, courts have repeatedly held that a request for a jury trial in district court is insufficient to immediately withdraw reference to the bankruptcy court. *See, e.g.*, *In re Kidde-Fenwal, Inc.*, Civ. No. 23-50758, 2024 WL 2941150, at *6 (D. Del. June 11, 2024) ("The [c]ourt agrees with the [d]ebtor that a jury demand offers little basis for departure from the well-established practice in this Court: permitting the Bankruptcy Court to oversee pretrial matters and withdrawing it only when it is ripe for a jury trial, which promotes judicial economy and a timely resolution of a case." (citation modified)); *In re Am. Classic Voyages Co.*, 337 B.R. 509, 512

---

4 Contrary to Defendant's argument, (ECF No. 3 at 4), the Court agrees with other courts which have held "that bankruptcy court jurisdiction over such actions extends to the determination of case dispositive motions, and that a defendant's right to jury trial is not jeopardized by having a bankruptcy court 'hear and determine' case dispositive motions." *Stein v. Miller*, 158 B.R. 876, 880 (S.D. Fla. 1993); *see also Levine v. M & A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 207 (S.D. Tex. 2008) ("The right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions. A right to a jury trial does not arise until jury issues are presented.").

(D. Del. 2006) (denying motion to withdraw, explaining that "[a] [d]istrict [c]ourt may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter"); *Gen. Elec. Cap. Corp.*, 2001 WL 1715777, at *5 ("Despite [the d]efendant's demand for a jury trial, the [c]ourt concludes that [the plaintiff's] action is best left before the Bankruptcy Court, at least until all pre-trial matters have been resolved."); and

**WHEREAS** here, Defendant argues that because it is entitled to a jury trial and has not consented to the Bankruptcy Court's jurisdiction, this Court must preside over the jury trial for the preference and fraudulent conveyance claims and therefore cause exists to withdraw reference under § 157(d). (*See* ECF No. 1 at 58-62); and

**WHEREAS** because Defendant has not submitted claims against the bankruptcy estate, (ECF No. 1 at 5, 59), the Court holds that Defendant is entitled to a jury trial under the Seventh Amendment on the preference and fraudulent conveyance claims (Counts One and Two).[5] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. at 36 ("We hold that the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance

[5] Defendant's Motion focuses on its right to a jury trial on Plaintiff's preference and fraudulent conveyance claims (Counts One and Two). (ECF No. 1 at 55.) Courts have found that claims for recovery of avoided transfers pursuant to 11 U.S.C. § 550 (Count Three) and disallowance of claims pursuant to 11 U.S.C. § 502(d) and (j) (Count Four) are not independently entitled to a jury trial. *See In re Felice*, 480 B.R. 401, 430 (Bankr. D. Mass. 2012) (holding that "recovery of the interest or value thereof pursuant to 11 U.S.C. § 550(a), is inherently equitable in nature" and not entitled to a jury trial) (collecting cases); *In re Rhythms NetConnections Inc.*, 300 B.R. 404, 409 (Bankr. S.D.N.Y. 2003) ("Section 502(d) is intended to coerce creditors to comply with judicial orders. It merely 'preclude[s] entities which have received voidable transfers from sharing in the distribution of the assets of the estate unless and until the voidable transfer has been returned to the estate.'" (quoting *In re Mid Atlantic Fund, Inc.,* 60 B.R. 604, 609 (Bankr. S.D.N.Y.1986)). However, the Court notes that Counts Three and Four are dependent on the outcome of Counts One and Two, *In re Swarthmore Grp., Inc.*, 667 B.R. 258, 279 (Bankr. E.D. Pa. 2025).

actions as 'core proceedings[.]'"); *id.* at 58-59 (holding the same for preference claims); *see also In re Inacom Corp.*, Civ. No. 00-02426, 2005 WL 2148563, at *3 (D. Del. Sept. 6, 2005) ("The preference actions present issues that are suited to a jury because creditors, such as the defendants, have a seventh amendment right to a jury trial regarding whether payments made constitute an avoidable preference. This right is not waived . . . unless the creditors have filed claims of proof against the bankruptcy estate."); and

**WHEREAS** although a case can be tried before a bankruptcy court upon consent of the parties, 28 U.S.C. § 157(e), *Thomason Auto Grp., LLC*, 2009 WL 3491163, at *6, it is undisputed that Defendant has not consented to a jury trial before the Bankruptcy Court, (ECF No. 1 at 60-62; ECF No. 2 at 7); and

**WHEREAS** the Court will analyze the *Pruitt* factors to determine whether withdrawal is warranted. *See Gen. Elec. Cap. Corp*, 2001 WL 1715777, at *4; *In re Elk Petroleum, Inc.*, 2022 WL 4355285, at *3-4; *In re Dwek*, 2010 WL 2545174, at *4-6 & n.11. The Court concludes that cause does not exist under the *Pruitt* factors to withdraw this action from the Bankruptcy Court at this time. First, this Adversary Proceeding is one of approximately one thousand in connection with the Rite Aid Bankruptcy, and retention by the Bankruptcy Court will promote the uniformity of administration. (ECF No. 2 at 9.) *See In re Dwek*, 2010 WL 2545174, at *4 ("[I]f [the d]efendants' [m]otion to [w]ithdraw were granted, it could potentially affect the [t]rustee in the other adversary proceedings."). Regarding the second factor, courts in this district have emphasized that "prematurely removing the case from the bankruptcy court would tend to encourage forum-shopping." *In re Kidde-Fenwal, Inc.*, 2024 WL 2941150, at *7 (citation modified). Regarding the third and fourth factors, the Court finds that withdrawing the reference now "would not foster the economical use of the debtors and creditors resources, or expedite the

bankruptcy process, as the [t]rustee would be forced to litigate the issues in multiple courts, including in a court unfamiliar with the intricacies of the [] bankruptcy proceeding." *In re Dwek*, 2010 WL 2545174, at *4; and

**WHEREAS** indeed, Defendant concedes that "the timing of such withdrawal may be deferred until the time of trial, thereby allowing pre-trial proceedings to continue before the bankruptcy judges of this District," (ECF No. 1 at 60 n.1; *see also* ECF No. 3 at 4 ("[Defendant] defers to the determination of this Court with respect to whether pre-trial proceedings should be conducted in the bankruptcy court or the district court, so long as [Defendant's] right to a jury trial and right to have an Article III judge render all final orders and judgments are preserved.")); and

**WHEREAS** for the foregoing reasons, and other good cause shown, Defendant's Motion to Withdraw Reference, (ECF No. 1), is **DENIED**. An appropriate Order follows.

Dated: August 31, 2026

Georgette Castner

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**